**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3308
_____

ZHAOJIN DAVID KE,
                                          Appellant

v.

MICHAEL DIPASQUALE; MARY RICHMOND; ROBERT J. CATALDE, in official
and individual capacities; JAMES J. FITZGERALD, in official and individual capacities;
JOSEPH M. WALSH, in official and individual capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 1-18-cv-00125)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2020
Before:  AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 22, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Zhaojin David Ke, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States

District Court for the Western District of Pennsylvania dismissing his civil rights action.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

For the reasons that follow, we will affirm the judgment of the District Court.

Ke filed a complaint against Mary Richmond, an attorney appointed by the Erie County Court of Common Please to serve as Master in his divorce proceedings, Michael DiPasquale, former Executive Administrator of the Pennsylvania Superior Court, Robert Catalde, Court Administrator of the Erie County Court of Common Pleas, Judge James Fitzgerald, specially assigned to the Pennsylvania Superior Court, and Erie County Court of Common Pleas Judge Joseph Walsh.[1]  Ke's claims stem from a divorce action that his ex-wife, Jiang Li Zhu, filed in 2013.

Ke alleged that Richmond, who was appointed to determine the date of his separation from Zhu, held unnecessary hearings and tried to prolong the proceedings to justify being paid.  He averred that she issued a report beyond the time required by the court's rules and that she retaliated against him for criticizing her in emails.  Ke alleged that, despite evidence showing that he and Zhu had separated in 2008, Richmond determined that they separated in 2013.  Ke also alleged that he and Zhu had signed an agreement to divorce in 2004, but that Richmond would not accept the agreement as evidence after the hearings.  Ke filed exceptions to Richmond's report, which were dismissed by the Erie County Court of Common Pleas in 2015.

Richmond also issued a report addressing the distribution of the parties' assets.

constitute binding precedent.

[1] The operative complaint is the second amended complaint, titled "Plaintiff's Corrected First Amended Complaint," filed December 12, 2018.

2

Ke stated that Richmond, among other things, improperly allotted fifty percent of his disability benefit to Zhu. He filed exceptions without success. Defendant Judge Walsh adopted the report after a hearing and later issued a divorce decree. Ke alleged that Judge Walsh refused to hold a de novo hearing as required by the court's rules. The Pennsylvania Superior Court, in an opinion issued by defendant Judge Fitzgerald, affirmed on appeal. The Pennsylvania Supreme Court denied allowance of appeal.

In his federal complaint, Ke claims that Judge Fitzgerald, Judge Walsh, and the court administrators violated his procedural and substantive due process rights under the Fourteenth Amendment. He also asserts state law claims for intentional infliction of emotional distress. Ke seeks declaratory and injunctive relief. Ke asserts claims against Richmond for retaliation in violation of Pennsylvania law and under 42 U.S.C. § 1983, violations of his substantive due process rights, and intentional infliction of emotional distress. He seeks damages and declaratory and injunctive relief as to those claims.

The District Court granted motions by Richmond and the judicial defendants to dismiss the second amended complaint. The District Court ruled that, to the extent Ke seeks money damages against Richmond, his § 1983 claims are barred by quasi-judicial immunity. The District Court dismissed Ke's remaining claims for lack of subject matter jurisdiction. It found one of Ke's prayers for relief barred by the Rooker-Feldman[2] doctrine and ruled that he lacked standing to pursue his remaining claims for declaratory

_____

[2] See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

and injunctive relief.  The District Court declined to exercise supplemental jurisdiction over Ke's state law claims.  This appeal followed.[3]

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction.  In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

Quasi-judicial immunity protects a range of judicial actors, including "those who make discretionary judgments 'functional[ly] comparab[le]' to judges."  Russell v. Richardson, 905 F.3d 239, 247 (3d Cir. 2018) (citation omitted).  The doctrine provides absolute immunity from liability for damages.  See id.  We agree with the District Court that Richmond is entitled to quasi-judicial immunity because her adjudicative tasks as a divorce master are functionally comparable to those performed by a judge.  Cf. Nystedt v. Nigro, 700 F.3d 25, 30-31 (1st Cir. 2012) (discovery master entitled to absolute quasi-judicial immunity).  Ke's claims against Richmond stem from the proceedings in which she determined the distribution of assets in his divorce case.  He does not complain about conduct that was not taken in a judicial capacity or that was taken in the complete absence of jurisdiction.  See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (stating limited exceptions to doctrine of judicial immunity).

Relying on Russell, Ke argues that quasi-judicial immunity extends only to claims

_____

[3] The District Court also denied Ke's motion for reconsideration.  Ke does not appeal that

based on acts authorized by a court order and not to claims based on the manner in which the acts are executed.  He contends that Richmond was appointed to act as divorce master, not to retaliate against him and to deprive him of substantive due process.  Russell addressed the quasi-judicial immunity of officers performing ministerial tasks at the court's direction and held that such immunity did not extend to claims against a deputy court marshal for using excessive force while enforcing a court order.  905 F.3d at 247-51.  Unlike Russell, this case involves an actor whose role is functionally comparable to that of a judge and, as discussed above, quasi-judicial immunity applies to acts taken in a judicial capacity as alleged here.

Ke also disputes the District Court's ruling that the relief he seeks in his second prayer for relief is barred by the Rooker-Feldman doctrine, which prohibits suits inviting district courts to review and reject state-court judgments.  See Allen v. DeBello, 861 F.3d 433, 438 (3d Cir. 2017).  Ke sought an order declaring that "under the Pennsylvania Divorce Act and in light of the equal protection of the laws under the Fourteenth Amendment the asset distribution should be equitably distributed and the valuation dates should be equally applied to both husband and wife."  Second Am. Compl. at 37.  Ke contends that his complaint does not seek review of a state court judgment and that in this prayer for relief he seeks a legal determination independent of the state court's factual findings.  Appellees contend that Ke is in fact seeking review of the state court's decision.  We find it unnecessary to resolve this question because, as discussed below,

ruling.

Ke's request for declaratory relief is not cognizable for the same reason that the District Court found his remaining claims not cognizable – lack of standing.

"A declaratory judgment or injunction can issue only when the constitutional standing requirements of a 'case' or 'controversy' are met." St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. Virgin Islands, 218 F.3d 232, 240 (3d Cir. 2000). Standing to seek a declaratory judgment exists when "'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. (citations omitted). Issuance of a declaratory judgment or an injunction requires a threat of future harm. City of Los Angeles v. Lyons, 461 U.S. 95, 105-07 (1983) (injunction); Waller v. Hanlon, 922 F.3d 590, 603 (5th Cir. 2019) (declaratory judgment).

In addition to seeking a declaratory judgment as to how assets should be distributed in a divorce case, Ke seeks an order declaring that the judicial defendants violated his constitutional rights by not allowing him to argue his exceptions at his hearing, by failing to consider his case de novo, by applying the wrong standard on appellate review, and by taking away half of his disability benefit. He also seeks an order declaring that Richmond violated his rights and retaliated against him. Similarly, he seeks to enjoin the judicial defendants from disregarding his constitutional rights in handling the issue of asset distribution and in appellate review, and to enjoin Richmond from violating his rights and retaliating against him when he criticizes her.

All of the relief Ke seeks as to these claims implicates the prior handling of his

divorce case.  He does not present a justiciable controversy as the asset distribution has been determined and appellate review of that determination is complete.  Ke argues that he seeks relief to address the ongoing deprivation of half of his disability benefit each month.  However, not only has the defendants' conduct that is the subject of the complaint ended, but he also does not seek relief against parties who have legal interests adverse to his own.  Simply put, Ke does not seek declaratory relief for the purpose it is intended – to declare the rights and other legal relations of a party before an injury is established.  See 28 U.S.C. § 2201; Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643, 647 (3d Cir. 1990).  See also Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc., 771 F.3d 632, 635 (9th Cir. 2014) (Declaratory Judgment Act provides a remedy to determine whether a party has a legal obligation to his potential adversaries).  Ke's claim for injunctive relief is similarly not cognizable.

Ke also appeals the District Court's denial of his motion for a default judgment against the judicial defendants, who failed to timely respond to his amended complaint adding them as defendants.  Ke has not shown that the District Court abused its discretion and we agree that a default judgment was not warranted for the reasons stated in the District Court's decision.  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (stating applicable factors and standard of review).

Ke also argues that the District Court erred in striking his third amended complaint and that he had a right to file his pleading as a matter of course under Federal Rule of Civil Procedure 15(a)(1).  We need not decide this question because, having reviewed

7

that pleading, we conclude it would not have survived dismissal for the reasons discussed above.

Accordingly, we will affirm the judgment of the District Court.[4]

---

[4] Appellee Mary Richmond's motion to file a supplemental appendix is denied. Because Ke has been granted <u>in</u> <u>forma</u> <u>pauperis</u> status, his appeal is heard on the original record, which includes the documents contained in the supplemental appendix. <u>See</u> 3d Cir. L.A.R. 30.2.